An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD DAVID MORROW,
Appellant,
vs.
CONNIE S. BISBEE, CHAIRMAN; AND
NEVADA BOARD OF PAROLE
COMMISSIONERS,
Respondents.

No. 61954

**FILED**

APR 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order granting a motion to dismiss appellant Richard David Morrow's petition for a writ of mandamus. Sixth Judicial District Court, Pershing County; Michael Montero, Judge.

In his petition, Morrow sought an order compelling the State Board of Parole Commissioners ("Board") to provide a copy of his parole file, except for basic personal information relating to any victim. Morrow did not claim that due process compelled disclosure[1] but that existing statutes supported his request. The district court dismissed the petition for "fail[ing] to state any legal right or claim upon which mandamus relief could be granted."

_____

[1]We note our decision in *State of Nevada, ex rel. Bd. of Parole Comm'rs v. Morrow*, 127 Nev. Adv. Op. No. 21, 255 P.3d 224, 230 (2011), wherein we determined that due process did not require that Morrow receive all documents the Board had considered when denying his parole, including Morrow's parole file.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11529

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Williams v. Eighth Judicial Dist. Court*, 127 Nev. Adv. Op. No. 45, 262 P.3d 360, 364 (2011) (internal quotation marks and citation omitted); NRS 34.160. "A district court's decision to grant or deny a writ petition is reviewed by this court under an abuse of discretion standard." *DR Partners v. Bd. of County Comm'rs of Clark County*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000).

Morrow claims that various statutes within NRS chapter 179A (Records of Criminal History and Information Relating to Public Safety) and chapter 239 (Public Records) support his request and mandate disclosure of his parole file. However, Morrow's reliance on these statutes is misplaced as NRS 213.1075 specifically controls the disclosure of information obtained by the Board in the discharge of its official duty and the more specific provision controls. *See Nevada Power Co. v. Haggerty*, 115 Nev. 353, 364, 989 P.2d 870, 877 (1999).

NRS 213.1075 states:

> Except as otherwise provided by specific statute, all information obtained in the discharge of official duty by an employee of the Division or the Board is privileged and may not be disclosed directly or indirectly to anyone other than the Board, the judge, district attorney or others entitled to receive such information, unless otherwise ordered by the Board or judge or necessary to perform the duties of the Division.

Morrow argues that the Board's information is merely privileged, not confidential, that the information can be released by the judge, and that he is an "other[ ] entitled to receive such information"

Supreme Court
OF
Nevada

(O) 1947A

2

because he is the subject of the parole file. Morrow fails to demonstrate that disclosure of his parole file was a duty required by law; therefore, he fails to demonstrate that he was entitled to extraordinary relief.

Having reviewed the record on appeal, and for the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Michael Montero, District Judge
       Richard David Morrow
       Attorney General/Carson City
       Pershing County Clerk